Gene Conell and Lauri Conell, Plaintiffs-Appellants,

v.

Coldwell Banker Premier Real Estate, Inc., Shirley Hansen, and Dee Dee Ewert, Defendants-Respondents.

Court of Appeals

*No. 93–1617. Submitted on briefs December 1, 1993.—Decided January 12, 1994.*

(Also reported in 512 N.W.2d 239.)

On behalf of the plaintiffs-appellants, the cause was submitted on the brief of *Daniel W. Stevens*, of *Esser, Dieterich & Stevens* of Menomonee Falls.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Carol J. Comeau*, of *Hogan, Ritter, Minix & Comeau* of Milwaukee.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

ANDERSON, P.J.   Gene and Lauri Conell appeal from the trial court's grant of summary judgment to Coldwell Banker Premier Real Estate, Inc., Shirley Hansen and Dee Dee Ewert.[1] The Conells argue that Coldwell Banker and Hansen are liable for misrepresentation and negligence for not providing them a copy of the seller's condition report indicating a leaking basement prior to their purchase of a house. We affirm

---

[1] The trial court also dismissed Dee Dee Ewert as a defendant, pursuant to a stipulation of the parties. Although Ewert was listed in the notice of appeal, she is not mentioned in the appellant's brief. Therefore, the Conells have abandoned their appeal of Ewert's dismissal.

because we hold that the independent third-party inspection of the property which disclosed problems with the basement relieved Hansen and Coldwell Banker from their duties to inspect and disclose adverse conditions related to the basement.

For purposes of summary judgment review, Coldwell Banker does not dispute the facts as alleged by the Conells. The Conells were interested in purchasing the home of Judith and William Maurer. The Conells personally inspected the property, including the basement. On March 13, 1991, the Conells signed an offer to purchase the home. Hansen, a broker for Coldwell Banker and agent of the Maurers, drafted the offer. The offer indicated that there were no exceptions to the standard warranties and representations stated in the contract "EXCEPT AS SHOWN ON THE SELLER'S PROPERTY CONDITION REPORT. BUYER'S [sic] ACKNOWLEDGE RECEIPT OF A COPY OF THIS REPORT." The addendum to the offer explained that it was contingent upon the Conells obtaining a satisfactory inspection report regarding the overall condition of the property. The contingency gave the Conells fourteen days to object in writing if the report was unsatisfactory. The addendum also contained the following provision related to representations:

> Buyer acknowledges that in connection with his purchase of the property, he has relied solely on his own independent inspection and analysis of the property and upon the representations and warranties of Seller contained in this Offer. Buyer further acknowledges that neither Coldwell Banker nor any of its agents has made any representations to Buyer that Buyer relied on concerning the property, that neither Coldwell Banker nor any of its agents has

made any statement purporting to be of their own personal knowledge and that Buyer has not requested Coldwell Banker or any of its agents to verify the accuracy of any of Seller's statements, representations or warranties.

The Conells contacted a professional home inspector who issued a report on March 22, 1991. The report described two cracks in the basement walls and that the south wall bowed, which would require shimming the joists and "possible eventual repairs." Hairline "settlement" cracks were also noted in the floor, but these were "not uncommon" and "acceptable" to the inspector. Both "yes" and "no" regarding "Wet Basement Condition" were checked. The report explained that there was "[p]ast and present dampness" in the northwest corner of the basement. It concluded that "[n]o apparent evidence of serious moisture problems" existed.

The Conells did not object to the inspection and the closing occurred as planned. The Conells acknowledged receipt of the Maurers' condition report by signing the bottom of it at the closing. The condition report indicated that the basement had "[d]ampness" and "[l]eaks/[s]eepage," although it did not explain these answers in the space provided.

A short time after closing, the Conells discovered that "the basement had chronic water problems." The Conells moved a heavy metal cabinet left by the Maurers in the northwest corner and discovered "rags that were completely wet" soaking up leakage from that corner. The Conells sued Hansen and Coldwell Banker (hereinafter Hansen) for negligence, strict responsibility for misrepresentation and negligent misrepresentation. They did not name the Maurers or the inspector in the lawsuit. They alleged that the

water leaks were made known to Hansen through the condition report and that Hansen breached a duty to the Conells by failing to disclose the leaks in the basement prior to closing. They also alleged that Hansen failed to adequately inspect the basement and discover the leakage.

Hansen moved the court for summary judgment against the Conells. Hansen argued that she was not required to inspect the property or disclose any information about the physical condition of the property under sec. 452.23(2)(b), Stats.,[2] where there was an inspection report prepared by a third party regarding that property. She contended that she was entitled to rely upon that report under Wis. Adm. Code sec. **RL 24.07**(2) (1991).[3] The court granted summary judg-

---

[2] Section 452.23, Stats., provides in relevant part:

**(2)** A broker or salesperson is not required to disclose any of the following to any person in connection with the sale, exchange, purchase or rental of real property:

. . . .

(b) Except as provided in sub. (3), information relating to the physical condition of the property or any other information relating to the real estate transaction, if a written report that discloses the information has been prepared by a qualified 3rd party and provided to the person. In this paragraph, "qualified 3d party" means . . . any person whom the broker, salesperson or a party to the real estate transaction reasonably believes has the expertise necessary to meet the industry standards of practice for the type of inspection or investigation that has been conducted by the 3rd party in order to prepare the written report.

. . . .

**(3)** A broker or salesperson shall disclose to the parties to a real estate transaction any facts known by the broker or salesperson that contradict any information included in a written report described under sub. (2)(b).

[3] Wisconsin Adm. Code sec. **RL 24.07** (1991) was changed in 1993. *See* Wis. Adm. Code sec. **RL 24.07** (history of code section showing renumbering and creation of subsections effective

ment to Hansen, agreeing that sec. 452.23 precluded liability.

When reviewing a trial court's decision on a motion for summary judgment, we apply the same analysis as does the trial court. *Grube v. Daun,* 173 Wis. 2d 30, 50, 496 N.W.2d 106, 113 (Ct. App. 1992). We have often recited this analysis and we need not repeat it. *See id.* at 50-51, 496 N.W.2d at 113. Summary judgment should be granted only where the moving party demonstrates a right to judgment with such clarity as to leave no room for controversy. *Id.* at 51, 496 N.W.2d at 113.

We are satisfied that the complaint states claims of negligence, negligent misrepresentation, and strict responsibility for misrepresentation, and that the pleadings raise issues of fact. *See id.* at 52-55, 496 N.W.2d at 113-15 (elements of negligence, negligent misrepresentation and strict responsibility for misrepresentation); *id.* at 56, 496 N.W.2d at 115 (liability for misrepresentation through nondisclosure). This appeal centers upon whether Hansen has made a prima facie case for summary judgment by showing a defense which would defeat the Conells. *See id.* at 50, 496 N.W.2d at 113. The primary basis for Hansen's motion for summary judgment was that sec. 452.23(2)(b), Stats., and Wis. Adm. Code sec. **RL 24.07**(2) (1991)

August 1, 1993). This case is governed by the provisions as they existed in 1991. Wisconsin Adm. Code sec. **RL 24.07**(2) (1991) provides:

> RELIANCE UPON THIRD PARTY INSPECTIONS AND INVESTIGATIONS. If a licensee or a party in a transaction engages the services of a competent third party to conduct a property inspection or investigation of material facts, the licensee may rely on the results of the inspection or investigation providing the licensee obtains a written report of the inspection or investigation and delivers a copy of the report to all interested parties in a timely manner.

operate to shield her from liability for alleged nondisclosures and an inadequate inspection in this case.

Section 452.23(2)(b), Stats., is straightforward in that it relieves the broker from the duty to disclose information related to the condition of the property, *see* Wis. Adm. Code sec. **RL 24.07**(1) (1991),[4] where an inspection is conducted by a "qualified third party."[5] Likewise, Wis. Adm. Code sec. **RL 24.07**(2) (1991) is clear that the broker may rely on a third-party inspection, thereby relieving the broker from the duty to inspect the property.

The Conells argue that these provisions are not a bar to their claims because the addendum to the offer to purchase states that they were relying upon the Maurers' representations stated in the offer as well as the inspection report. The offer states that all representations made by the Maurers concerning the property are contained in the condition report, which the Conells allege they did not receive from Hansen. Because Hansen knew that the Conells were relying upon the condition report, yet failed to disclose the information in that report to them, Hansen materially induced the Conells into purchasing the home.

The thrust of the Conells' argument seems to be that this language in the offer stating their reliance overrides the protections of the statute and adminis-

---

[4] Wisconsin Adm. Code sec. **RL 24.07**(1) (1991) provides that real estate licensees have a duty to "disclose any adverse facts material to the transaction in writing and in a timely manner to the buyer, seller or other interested parties. This provision is not limited to the condition of the property, but includes other material facts about a transaction which are discoverable . . . ."

[5] There is no dispute that the inspector in this case is a "qualified third party" as defined by sec. 453.23(2)(b), Stats.

trative code and reimposes the duties to inspect and disclose adverse information. We disagree. The offer to purchase is a contract between the seller and prospective buyer. Any action against the broker based upon the terms of that contract must be based upon the broker's actions as an agent of the seller and the duties implicated by the principal/agent relationship. The duties of the broker to inspect and disclose information to all parties is not related to the principal/agent relationship but are independent duties pertaining specifically to real estate licensees. *See* Wis. Adm. Code sec. **RL 24.07**(1) (1991). These duties are owed to all parties to the transaction; they are not affected by a contract between the seller and prospective buyer. Accordingly, the contract does not affect the sec. 452.23, Stats., protections related to the duty to disclose or the Wis. Adm. Code sec. **RL 24.07**(2) (1991) protections related to the duty to inspect the property.

Therefore, if an independent inspection by a qualified third party is conducted, sec. 452.23(2)(b), Stats., operates to relieve the broker from liability for disclosures related to the physical condition of the property covered by the inspection. Wisconsin Adm. Code sec. **RL 24.07**(2) (1991) operates to relieve the broker from liability for inspection of the property covered by the third party's inspection. We note that these protections do not preclude liability of the broker for the breach of other duties, such as the breach of a duty to the seller as his or her agent to forward the condition report to the buyer. The statute only affects the broker's duties to inspect and to disclose information related to the physical condition of the property. Because the duties to inspect and to disclose physical conditions are the bases for the Conells' misrepresentation and negli-

gence claims, Hansen has stated a defense and is entitled to summary judgment.

The Conells argue in the alternative that even if sec. 452.23, Stats., applies, Hansen is still liable for misrepresentation because the information contained in the condition report contradicted that in the inspection report. *See* sec. 452.23(3). Again, we disagree. The information in the condition report was consistent with the information in the inspection report. Merely because one report's preprinted form used the terminology "wet basement condition," while the other used "dampness" and "leaks/seepage," does not mean that the reports contradicted one another. Both reports indicated the possibility of moisture problems with the basement. If anything, the inspection report was more thorough because it indicated the degree of the problem by stating that there was no evidence of serious moisture problems. The inspection report adequately addressed the problems known by Hansen to entitle her to rely upon this report and precludes liability for nondisclosure. *See* sec. 452.23(3); Wis. Adm. Code sec. **RL 24.07**(2) (1991).

*By the Court.*—Judgment affirmed.